UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHN WILLIAM MCCAULEY,

      Plaintiff,

v.                                                              CASE NO. 3:15-cv-144-J-MCR

CAROLYN W. COLVIN, Commissioner
of the Social Security Administration,

      Defendant.

_____/

## MEMORANDUM OPINION AND ORDER[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative

decision denying his applications for a Period of Disability, Disability Insurance

Benefits ("DIB"), and Supplemental Security Income ("SSI"). Plaintiff alleges he

became disabled on October 15, 2010. (Tr. 192, 194.) He appeared

unrepresented at the two hearings held before the assigned Administrative Law

Judge ("ALJ") on January 25, 2013 and May 28, 2013. (Tr. 32-66.) The ALJ

issued a decision finding that Plaintiff was not disabled from October 15, 2010

through June 17, 2013, the date of the decision.[2] (Tr. 13-24.)

In reaching the decision, the ALJ found that Plaintiff had the severe

impairments of shoulder disorder and respiratory impairment. (Tr. 15.) In

---

[1] The parties consented to the exercise of jurisdiction by a United States
Magistrate Judge. (Docs. 11, 14.)

[2] Plaintiff had to establish disability on or before September 30, 2014, his date
last insured, in order to be entitled to a period of disability and DIB. (Tr. 13.)

addition, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform a reduced range of sedentary work.  (Tr. 18.)

Plaintiff is appealing the Commissioner's decision that he was not disabled from October 15, 2010 through June 17, 2013.  Plaintiff has exhausted his available administrative remedies and the case is properly before the Court.  The Court has reviewed the record, the briefs, and the applicable law.  For the reasons stated herein, the Commissioner's decision is **REVERSED and REMANDED**.

## I.    Standard of Review

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004).  Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th

2

Cir. 1991).  The district court must view the evidence as a whole, taking into

account evidence favorable as well as unfavorable to the decision.  *Foote v.*

*Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d

835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to

determine the reasonableness of the Commissioner's factual findings).

## II.   Discussion

Plaintiff raises four issues on appeal.  First, Plaintiff argues that the ALJ did

not meet his burden of proof at step five of the sequential evaluation process that

there were jobs that Plaintiff could perform, because there was no vocational

testimony establishing what jobs he could perform.  Plaintiff also argues that

since he was unrepresented at the two hearings before the ALJ, the ALJ had a

heightened duty to fully develop the record, which he failed to do in this case.

Second, Plaintiff argues that the ALJ used a prohibited mechanical application of

the Agency's age categories to conclude that Plaintiff was not disabled.  Third,

Plaintiff argues that the ALJ did not provide any good reason for preferring the

opinion of the non-examining medical expert Dr. Kweli Amusa who testified at the

second hearing over the opinion of the consultative examiner Dr. Cathy Whitley.

Plaintiff argues this error was not harmless because Dr. Whitley identified

additional hand use limitations that were not included in the ALJ's RFC or

hypothetical question.  Finally, Plaintiff argues that the ALJ failed to conduct a

proper credibility analysis because he did not take into account Plaintiff's strong

work history, including unsuccessful attempts to return to work.

The Court agrees with Plaintiff that the ALJ's mechanical application of the Agency's age categories to conclude that Plaintiff was not disabled, requires a remand.  In deciding whether a claimant is disabled, the Commissioner will consider the claimant's chronological age in combination with the RFC, education, and work experience.  20 C.F.R. §§ 404.1563(a), 416.963(a).  However, age categories will not be applied mechanically in a borderline situation.  20 C.F.R. §§ 404.1563(b), 416.963(b).  If a claimant is "within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that [he is] disabled, [the Commissioner] will consider whether to use the older age category after evaluating the overall impact of all the factors of [his] case."  *Id.*

The Agency's Program Operations Manual System (POMS) DI 25015.005 provides:

> To identify borderline age situations when making disability determinations, apply the following two-part test:
> **Part 1.**  Is the claimant's age within a few days to a few months of the next higher age category?
> **Part 2.**  If so, would using the higher age category result in a determination of "disabled" while using the claimant's chronological age would result in a determination of "not disabled?"
> •       If the answer to one or both is "no," a borderline age situation does not exist.  Use the claimant's chronological age.
> •       If the answer to both is "yes," a borderline age situation exists, but use of the higher age category is not automatic.
> . . .
> When a borderline age situation exists, you must explain your

4

decision to use the next higher age category or your decision to use the claimant's chronological age and explain the specific factors supporting your determination.

As of the date of the ALJ's decision in this case, June 17, 2013,[3] Plaintiff was 69 days shy of his 50th birthday.  (*See* Tr. 192.)  This created a borderline age situation that the ALJ needed to consider, along with the issue of transferability of work skills, because the older age category would be that of a person closely approaching advanced age.[4]  However, the ALJ neither acknowledged nor discussed Plaintiff's borderline age situation.[5]  This is significant because application of the Agency's Medical Vocational Guidelines ("Grids") at the "closely approaching advanced age" category directs a finding of disability for a claimant, like Plaintiff, who is restricted to sedentary work, when there are no transferable skills and the claimant can no longer perform his past

---

[3] "For purposes of determining age under the Grids, the claimant's age as of the time of the [agency] decision governs."  *Rogers v. Comm'r of Soc. Sec.*, 2013 WL 5330452, *3 n.5 (M.D. Fla. Sept. 23, 2013) (citing *Crook v. Barnhart*, 244 F. Supp. 2d 1281, 1283 (N.D. Ala. Jan. 21, 2003)).

[4] "If you are closely approaching advanced age (age 50-54), we will consider that your age along with a severe impairment(s) and limited work experience may seriously affect your ability to adjust to other work."  20 C.F.R. §§ 404.1563(d), 416.963(d).

[5] The ALJ stated: "Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform . . . ."  (Tr. 22.)  The ALJ found that Plaintiff was 47 years old on the alleged disability onset date, had limited education, was unable to perform any past relevant work, and transferability of job skills was not material to the determination of disability because using the Medical-Vocational Rules as a framework supported a finding of no disability regardless of whether Plaintiff had transferable job skills.  (Tr. 22.)

work.  *See* 20 C.F.R. Part 404, Subpart P, Appendix 2.  Although the ALJ took testimony from a vocational expert to determine the types of jobs Plaintiff could perform, the ALJ's ultimate decision was substantially based on the Grids.

Because the ALJ failed to consider that Plaintiff was 69 days shy of "closely approaching advanced age," the case will be remanded for further proceedings. *See Roark v. Comm'r of Soc. Sec.*, Case No. 6:14-cv-84-Orl-37TBS (M.D. Fla. March 20, 2015) (adopting January 29, 2015 report and recommendation and remanding the case for further proceedings where the Commissioner failed to consider that plaintiff was 28 days shy of advanced age); *see also Crook v. Barnhart*, 244 F. Supp. 2d 1281, 1284 (N.D. Ala. 2003) (reversing the Commissioner's decision partly because plaintiff, who was 54 ½ years old at the time of the ALJ's decision, should have been considered a person of advanced age); *Hill v. Sullivan*, 769 F. Supp. 467, 471 (W.D.N.Y. 1991) (remanding for calculation of benefits where the claimant was three months and two days shy of 55 years at the time of the hearing).  On remand, Plaintiff shall be given an opportunity to be heard on this issue and the Commissioner "shall make an individualized determination of the age factor and expressly articulate their consideration of [Plaintiff's] borderline situation."  *Rogers*, 2013 WL 5330452 at *5.

In light of this conclusion, it is unnecessary to review Plaintiff's remaining objections to the ALJ's decision.  *See Jackson v. Bowen*, 801 F.2d 1291, 1294

n.2 (11th Cir. 1986) (per curiam); *Freese v. Astrue*, 2008 WL 1777722, at *3

(M.D. Fla. Apr. 18, 2008); *see also Demenech v. Sec'y of the Dep't of Health &*

*Human Servs.*, 913 F.2d 882, 884 (11th Cir. 1990) (per curiam).  However, even

if a remand was not required on the age issue, the ALJ's decision would still be

remanded for reconsideration of the opinions of Dr. Amusa and Dr. Whitley

because the Court cannot conclude that the ALJ's consideration of these opinions

is supported by substantial evidence.

The ALJ is required to consider all the evidence in the record when making

a disability determination.  *See* 20 C.F.R. §§ 404.1520(a)(3), 416.920(a)(3).  With

regard to medical opinion evidence:

> [T]he ALJ must state with particularity the weight given to different
> medical opinions and the reasons therefor.  In the absence of such a
> statement, it is impossible for a reviewing court to determine whether
> the ultimate decision on the merits of the claim is rational and
> supported by substantial evidence.  Therefore, when the ALJ fails to
> state with at least some measure of clarity the grounds for his
> decision, we will decline to affirm simply because some rationale
> might have supported the ALJ's conclusion.  In such a situation, to
> say that the ALJ's decision is supported by substantial evidence
> approaches an abdication of the court's duty to scrutinize the record
> as a whole to determine whether the conclusions reached are
> rational.

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (internal

citations and quotation marks omitted).

Here, in determining Plaintiff's RFC, the ALJ gave "the greatest weight to

Dr. Amusa's findings and physical assessment."  (Tr. 21.)  The ALJ explained:

> Dr. Amusa is board certified in internal medicine, and she had the
> benefit of reviewing the overall record of evidence in these
> proceedings. The independent medical expert offered a cogent
> medical rationale and record of support for her stated findings, which
> the undersigned finds to be consistent with the credible record
> evidence in its entirety, with the exception of the postural limitations.
> The undersigned finds that the claimant has no restriction in
> balancing, stooping, kneeling, crouching, and crawling.

(*Id.*) Then, the ALJ discussed Dr. Whitley's opinions included in the Medical

Source Statement, and gave them "some weight" to the extent they were

consistent with the RFC, and "little weight" to the extent they contained greater or

additional restrictions than the RFC, because "those restrictions are not

consistent with the medical evidence of record or supported by the record as a

whole." (*Id.*)

The Court cannot conclude that the ALJ's consideration of these doctors'

opinions is supported by substantial evidence because, as shown above, the ALJ

gave only vague, conclusory reasons for preferring Dr. Amusa's opinions over Dr.

Whitley's examining opinions. Although the ALJ stated that Dr. Amusa is board

certified in internal medicine, Dr. Whitley is also board certified in internal

medicine *and* in occupational medicine. Also, although Dr. Amusa had the

benefit of reviewing the overall record of evidence, Dr. Whitley had the benefit of

examining Plaintiff, and it is well established that the opinions of examining

sources are generally entitled to more weight than the opinions of non-examining

sources. While the ALJ was free to reject any medical opinion, he needed to

provide explicit reasons supported by substantial evidence.  The ALJ's failure to do so here is not harmless because Dr. Whitley assigned greater restrictions than the RFC, which if properly considered, could change the outcome of this case. (*Compare* Tr. 18 (finding, *inter alia*, that Plaintiff could frequently use his left arm and occasionally perform overhead work) *with* Tr. 695-700 (opining, *inter alia*, that Plaintiff could only occasionally reach in all directions and push/pull occasionally).)  Therefore, this case will be remanded for further proceedings consistent with this Order.

Accordingly, it is **ORDERED**:

1.      The Commissioner's decision is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and **REMANDED** with instructions to the ALJ to: (a) reconsider the opinions of Dr. Amusa and Dr. Whitley, explain the weight given to these opinions and the reasons therefor, (b) reconsider the RFC assessment, if necessary, (c) give Plaintiff an opportunity to be heard on the issue of borderline age situation, make an individualized determination of the age factor, and expressly articulate the Commissioner's consideration of Plaintiff's borderline situation, and (d) conduct any further proceedings deemed appropriate.

2.      The Clerk of Court is directed to enter judgment consistent with this Order and close the file.

3.      Should this remand result in the award of benefits, pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, Plaintiff's attorney is

**GRANTED** an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b).  Plaintiff's attorney shall file such a petition within **thirty (30) days** from the date of the Commissioner's letter sent to Plaintiff's counsel of record at the conclusion of the Agency's past due benefit calculation stating the amount withheld for attorney's fees.  *See* In re: *Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) & 1383(d)(2)*, Case No. 6:12-mc-124-Orl-22 (M.D. Fla. Nov. 13, 2012). This Order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

      **DONE AND ORDERED** at Jacksonville, Florida, on March 4th, 2016.


                                          MONTE C. RICHARDSON
                                    UNITED STATES MAGISTRATE JUDGE


Copies to:

Counsel of Record